**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| VINCENT WHITELEY, | : | |
| Petitioner, | : | Civil Action No. 06-4866 (RMB) |
| v. | : | |
| ATTORNEY GENERAL OF CONNECTICUT, et al., | : | **OPINION** |
| Respondents. | : | |

**APPEARANCES**:

    VINCENT WHITELEY, #83147-054
    F.C.I. Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

**BUMB**, District Judge:

    Petitioner Vincent Whiteley, who is presently confined at the Federal Correctional Institution at Fort Dix, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging criminal charges pending against him in the Connecticut state courts, together with a supporting Brief and Affidavit, and an Appendix.  Petitioner thereafter filed a motion seeking an order enjoining the State of Connecticut from prosecuting the pending criminal charges.  For the reasons expressed below, this Court will construe the Petition as a Petition under 28 U.S.C. § 2241, dismiss the Petition, and decline to issue a certificate of appealability.

### I. BACKGROUND

Petitioner is currently confined at F.C.I. Fort Dix and serving a federal sentence of 96 months, imposed on June 13, 2001, by the United States District Court for the District of Connecticut. See United States v. Whiteley, Crim. No. 00-0115 - JCH-1 judgment of conv. (D. Ct. June 13, 2001). In this proceeding, Petitioner seeks a Writ of Habeas Corpus under 28 U.S.C. § 2254 directing dismissal of criminal charges pending against Petitioner in the State of Connecticut. (Pet. at p. 13; Brief and Aff. in Support of Pet. at p. 1.)

Petitioner asserts the following facts in the Petition, Brief and attached documents. In 2001, while in federal custody, the Bureau of Prisons ("BOP") forwarded a Detainer Action Letter to the New Haven Judicial District in Connecticut. (Detainer Action Letter, dated Aug. 14, 2001.) The letter states that Connecticut charges are pending against Petitioner for burglary, larceny, forgery, credit card theft, and criminal mischief relating to arrests on July 22, 1998, December 22, 1998, January 6, 1999, and April 4, 1999; requests the disposition, if any, of these charges; and questions whether Connecticut desires to lodge a detainer or has no further interest in Petitioner. (Id.) In response, the Office of the State's Attorney for the State of Connecticut indicated that "[a]ll of these offenses are listed as non-extraditable by the local departments, and so, at this time,

we will decline to lodge a detainer." (Letter from Office of State's Attorney, dated November 5, 2002). In September 2004, Petitioner filed a motion in the Superior Court of Connecticut seeking dismissal of the charges or an order directing officials to lodge a detainer. (Motion to Dismiss or Order Detainer Lodged dated Sept. 10, 2004.) On December 22, 2004, the Superior Court of Connecticut granted Petitioner's motion to order a detainer lodged and denied his motion to dismiss. (Id.) On July 29, 2005, Petitioner filed a second motion in the Superior Court of Connecticut seeking dismissal of all pending charges on the ground that Connecticut failed to lodge a detainer or bring Petitioner to trial within 180 days of the court's prior order. (Id.) Petitioner states that, as of the filing of this Petition, his motion has not been decided by the Connecticut court.

Petitioner asserts that, although Connecticut has not lodged a detainer, the BOP "deems the pendency of said cases to be the functional legal equivalent of a lodged detainer, and thus said Bureau of Prisons deprives me of my right to halfway house placement, furloughs, as well as other desired rehabilitative programs." (Petitioner's Brief and Affidavit at p. 2.) Petitioner asserts that the pendency of the Connecticut charges violates due process, equal protection and his right to a speedy trial. (Pet. grounds). Petitioner seeks the following relief:

3

>     1.  All outstanding charges emanating from
>     the State of Connecticut be dismissed with
>     prejudice.
>
>     2.  The Respondents, Bureau of Prisons and
>     Warden, shall be permanently enjoined from
>     utilizing, in any manner, said Connecticut
>     charges.

(Petitioner's Brief and Affidavit at p. 8.)

## II.  DISCUSSION

A.  Standard of Review

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994); United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4 (amended Dec. 1, 2004).

B.  Jurisdiction

Although Petitioner labeled his Petition under 28 U.S.C. § 2254, § 2254 grants a federal court jurisdiction only where the petitioner is "in custody pursuant to a judgment of a state court."  28 U.S.C. § 2254(b)(1).  Jurisdiction to issue a writ of habeas corpus before a judgment of conviction is rendered in a state criminal proceeding lies under 28 U.S.C. § 2241(c)(3).  See

Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Moore v. DeYoung, 515 F.2d 437, 442, 443 (3d Cir. 1975); Triano v. Superior Court of New Jersey, Law Div., 393 F. Supp. 1061, 1065 (D.N.J. 1975), aff'd 523 F.2d 1052 (3d Cir. 1975) (table).  This Court therefore construes the Petition as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.

Section 2241 provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless – . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements:  the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed."  Maleng, 490 U.S. at 490-91); see also Spencer v. Kemna, 523 U.S. 1 (1998).  The threshold question here is whether Petitioner is sufficiently "in custody" to attack

5

the Connecticut charges where he is in federal custody and Connecticut has not lodged a detainer or otherwise indicated an intention to pursue the charges.

The Supreme Court determined in <u>Maleng v. Cook</u>, 490 U.S. 488 (1989), that, where a state "has placed a detainer with the federal authorities to ensure that at the conclusion of respondent's federal sentence, he will be returned to the state authorities to begin serving his . . . state sentences [the federal inmate] was 'in custody' under his . . . state sentences at the time he filed" his habeas petition attacking the state sentences. <u>See also</u> <u>Peyton v. Rowe</u>, 391 U.S. 54 (1968); <u>Mokone v. Fenton</u>, 710 F.2d 998, 1002 & n.11 (3d Cir. 1983). <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973), is also instructive. The Supreme Court held in <u>Braden</u> that an Alabama prisoner who filed a § 2241 petition in the Western District of Kentucky challenging the validity of a Kentucky indictment was "in custody" to challenge the indictment, where Kentucky had lodged an interstate detainer. The Court expressly left open the question of whether the petitioner would be sufficiently "in custody" to attack the Kentucky indictment if no detainer had been filed against him by Kentucky:

> In this context . . . the 'future custody' under attack will not be imposed by the same sovereign which holds the petitioner in his current confinement. Nevertheless, the considerations which were held in <u>Peyton[v. Rowe</u>, 391 U.S. 54, 63-64 (1968),] to warrant

6

>       prompt resolution of the claim also apply
>       with full force in this context . . . .
>       Since the Alabama warden acts here as the
>       agent of the Commonwealth of Kentucky in
>       holding the petitioner pursuant to the
>       Kentucky detainer, we have no difficulty
>       concluding that petitioner is 'in custody'
>       for purposes of 28 U.S.C. § 2241(c)(3).  On
>       the facts of this case, we need not decide
>       whether, if no detainer had been issued
>       against him, petitioner would be sufficiently
>       'in custody' to attack the Kentucky
>       indictment by an action in habeas corpus.

Braden, 410 U.S. at 489 n.4.

This Court notes that the Supreme Court has defined a detainer as "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent." Fex v. Michigan, 507 U.S. 43, 44 (1993).  Although the United States Court of Appeals for the Third Circuit has not decided the question, at least two circuits have ruled that a petitioner incarcerated in one state is not "in custody" to attack a conviction or charges in another state where the second state has not lodged a detainer.  See Stacey v. Warden, Apalachee Correctional Institution, 854 F.2d 401, 403 (11th Cir. 1988) (Florida petitioner was not "in custody" for purpose of bringing § 2254 petition attacking Alabama conviction unless Alabama has lodged a detainer; "Although the Supreme Court in Braden did not foreclose the possibility that a petitioner in Stacey's position

7

could be 'in custody' even in the absence of a detainer warrant, we have found no authority, and discern no rationale, for extending Braden to the facts of this case"); Dodd v. United States Marshal, 439 F.2d 774, 775 (2nd Cir. 1971) ("inasmuch as no detainer has been filed by Washington State with the appropriate federal officials, [petitioner serving a federal sentence] is not 'in custody' of the Washington officers and hence the district court was without jurisdiction to accept the application").

Petitioner relies on Duarte v. Hurley, 43 F. Supp. 2d 504 (D.N.J. 1999), and argues that the "in custody" requirement can be satisfied without the "arcane formality of an actually lodged detainer," so long as a reasonable basis exists to conclude that the state will seek future custody.  (Petitioner's Brief at p. 2.)  In Duarte, United States District Judge Alfred J. Wolin determined that the petitioner, who was serving a federal sentence for bank robbery, was "in custody" under § 2254 to challenge a consecutive 10-year New Jersey sentence, even though New Jersey had not lodged a detainer.  Judge Wolin relied on the Second Circuit's ruling in Frazier v. Wilkinson, 842 F.2d 43, 43 (2nd Cir. 1988), that a petitioner is "in custody" to challenge a consecutive sentence imposed by another state where "there is a reasonable basis to apprehend that the jurisdiction that obtained the consecutive sentence will seek its enforcement."  Id.

8

This Court finds that <u>Frazier</u> and <u>Duarte</u> are inapposite because Connecticut has neither imposed a consecutive sentence of imprisonment nor lodged a detainer seeking future custody of Petitioner.  Moreover, on the facts here, there is no reasonable basis to apprehend that Connecticut will seek custody of Petitioner upon the conclusion of his federal sentence.  This Court holds that Petitioner is not "in custody" to challenge his Connecticut charges where Connecticut has not lodged a detainer or otherwise expressed an intention to take future custody of Petitioner.  Accordingly, this Court will dismiss the Petition for lack of subject matter jurisdiction.[1]

C.  <u>Certificate of Appealability</u>

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying

---

[1] If Petitioner seeks to challenge the consequences imposed by the BOP as a result of the unresolved Connecticut charges, nothing in this Opinion prevents him from doing so by filing a new civil action after he has exhausted his claim through the BOP's three-tier Administrative Remedy Program.  <u>See</u> 28 C.F.R. § 542.10 <u>et seq.</u>

constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition for lack of subject matter jurisdiction is correct.

### III.  CONCLUSION

Based on the foregoing, this Court will dismiss the Petition for lack of jurisdiction.


                                    s/Renée Marie Bumb
                                    **RENÉE MARIE BUMB**
                                    United States District Judge

Dated:   January 11, 2007

10